1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ESTATE OF RONNIE KONG, by and through successor in interest, Touch Kong; TOUCH KONG, an individual,

Plaintiffs,

v.

CITY OF SAN DIEGO; SAN DIEGO POLICE DEPARTMENT; ANDREW CAMPBELL; CHRISTOPHER LUTH; AND TONY MARASCHIELLO,

Defendants.

Case No. 22-cv-1858-BAS-DDL

**ORDER GRANTING PLAINTIFFS'** ***EX PARTE*** **APPLICATION FOR EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT (ECF No. 11)**

Before the Court is Plaintiffs' *Ex Parte* Application for an Extension of Time.  (ECF No. 11.)[1]  Plaintiffs filed this Application on September 9, 2023.  (*Id.*)  In it, Plaintiffs' attorney declares that Plaintiffs cannot amend their Complaint as required because a relevant action remains pending before California state court.  (*Id.* ¶¶ 3–6.)

---

[1] When filing this request, Plaintiffs improperly noticed and captioned this filing when it was initially filed. (*See* ECF No. 11 (captioning the filing as a Declaration rather than an *Ex Parte* Application).) Plaintiffs' counsel is encouraged to review the Federal Rules of Civil Procedure, this Court's Local Rules, and this Chamber's rules to advocate more efficiently before this Court going forward. Fed. R. Civ. P. Rule 6(b) (governing the timing of filing a motion for an extension of time); CivLR 4.1(a) (discussing service of the complaint and the good cause requirement).

"[R]equests for extensions of time made before the applicable deadline has passed should 'normally … be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (quoting 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1165 (3d ed. 2004)).  Here, the First Amended Complaint was due on September 10, 2023.  (ECF No. 10.)  Plaintiffs filed their *Ex Parte* Application for an Extension of Time the day prior, on September 9, 2023.  (ECF No. 11.)  Moreover, the amendments required of Plaintiffs included the result of their petition in California state court "for an order relieving" them from the California Tort Claims Act's claim-presentment requirement.  (ECF No. 11); Cal. Gov't Code § 946.6(a).  Pursuant to Plaintiffs' attorney's declaration filed with the Court, the Court understands the required petition is now pending before a California state court.  (ECF No. 11 ¶¶ 3–6.)  Thus, Plaintiffs cannot file a First Amended Complaint with the required amendments ordered by this Court prior to receiving a decision on their petition before the California state court.

Therefore, having reviewed Plaintiffs' Application, the Court is satisfied that Plaintiffs' Application is made in good faith and Defendants will not be prejudiced by an extension.  Accordingly, Plaintiffs' *Ex Parte* Application for an Extension of Time is **GRANTED**.  (ECF No. 11.)  Plaintiffs' First Amended Complaint is now due six weeks from the original deadline; it is due on or before **October 24, 2023**.

**IT IS SO ORDERED.**

**DATED: September 19, 2023**

Hon. Cynthia Bashant
United States District Judge

- 2 -

22cv1858