UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF RONNIE KONG, by and through successor in interest, Touch Kong; TOUCH KONG, an individual,<br><br>                            Plaintiffs,<br><br>    v.<br><br>CITY OF SAN DIEGO; SAN DIEGO POLICE DEPARTMENT; ANDREW CAMPBELL; CHRISTOPHER LUTH; and TONY MARASCHIELLO,<br><br>                            Defendants. | Case No. 22-cv-1858-BAS-DDL<br><br>**Order:**<br>    **(1) GRANTING REQUEST TO FILE A SUR-REPLY**<br>        **(ECF No. 30)**<br>    **(2) GRANTING MOTIONS TO DISMISS WITH PREJUDICE**<br>        **(ECF Nos. 23, 26)** |

## I. BACKGROUND

Plaintiff filed a Complaint listing seven causes of action. The first three causes of action were brought under 42 U.S.C. § 1983 for: (1) excessive force, (2) municipal liability for unconstitutional customs and practices, and (3) interference with familiar integrity/substantive due process. (ECF No. 1.) The original Complaint also listed three counts for state causes of action: (4) assault and battery, (5) wrongful death, and (6) violation of California Civil Code sections 51.7 and 52.1. (*Id*.) And, finally, the seventh cause of action was brought for a violation of civil rights under 42 U.S.C. § 1985. (*Id*.) Plaintiff filed the present action against the City of San Diego ("City") and the San

Diego Police Department ("SDPD" and, together with the City, "Municipal Defendants"), as well as the individual SDPD officers who responded to the scene ("Individual Defendants").

The Court granted in part Defendants' first motion to dismiss, (ECF No. 7), initially dismissing Counts 2 and 3 against the Municipal Defendants for failure to adequately allege liability under *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), (ECF No. 10). In addition, the Court dismissed the state-law claims because Plaintiff failed to comply with California Government Code section § 945.4 by presenting the claims in compliance with the California Tort Claims Act ("C.T.C.A."). (ECF No. 10.) The Court gave Plaintiff's counsel until September 10, 2023, to file an Amended Complaint, which was extended to October 24, 2023, at Plaintiff's counsel's request. (ECF Nos. 11, 12.)

When October 24 came and went, the Court filed an Order to Show Cause ("OSC"), ordering Plaintiff's counsel to file an amended complaint or notify the Court of his intention not to do so. (ECF No. 13.) Counsel responded with a late-filed Amended Complaint. (ECF No. 14). However, this Amended Complaint failed to comply with Civil Local Rule 15.1(c) which requires that a highlighted or redlined version of the pleadings be filed to show how the new pleading differs from the original. The Court ordered counsel to file a highlighted or redlined version by November 27, 2023. (ECF No. 16.) Counsel failed to do so, so the Court set another OSC to discuss Plaintiff's counsel's failure to comply with Court orders. (ECF No. 17.)

Counsel failed to appear for the OSC hearing. (ECF No. 19.) The Court, therefore, set the matter for an additional hearing as to why counsel should not be sanctioned for his failure to appear and indicated if counsel failed to appear for the second hearing, terminating sanctions would issue. (ECF No. 20.) Counsel appeared for this second hearing and agreed to pay the monetary sanctions imposed. (ECF No. 21.) Counsel asked for additional time to file a redlined or highlighted complaint, and the Court gave counsel two additional weeks. (ECF No. 22.) Counsel appears to have attempted to comply with

the Court order. (*See* ECF Nos. 24, 25.) However, the redlined version of the complaint filed on the docket is redacted and thus impossible to read. Therefore, counsel never complied with the Court's order to file a redlined or highlighted version of the complaint.

Although the Amended Complaint reorders the causes of action, it appears that Plaintiff brings the same seven causes of action as were brought in the original Complaint. As best as the Court can ascertain, the only difference between the original Complaint and the Amended Complaint is paragraph 3 which alleges:

> After the present case was filed on Nov. 28, 2022, defendants filed the Motion to Dismiss for violations, among others, CTCA presentment requirement. The Court granted the lease to amend [sic] and, now, the Petition for Waiver of CTCA Claim Presentment Requirement was filed by plaintiffs, i.e., Case No. 37-2023-00038361-CU-PT-CTL. The latter case will be tried sometime in April 2024. The following causes of acton [sic], i.e., Count 2, 3, 4, 5 & 6 are subject to the outcome of foregoing State Court Case.

(Amended Complaint, ECF No. 14 ¶ 3.) This additional paragraph does not address the Court's concern about insufficient allegations under *Monell*.

Defendants now file two Motions to Dismiss (ECF Nos. 23, 26.) The Court ordered Plaintiff to respond to these Motions. (ECF No. 27.) Plaintiff responds to the second motion but fails to address the statute of limitations issue in the first motion. (ECF No. 28.) Defendants reply. (ECF No. 29.)

Defendants have additionally filed an *ex parte* request to file a sur-reply attaching a new ruling from the California Superior Court denying Plaintiff's request to file a late claim under the C.T.C.A. (ECF Nos. 30, 32.) Plaintiff responds that the only reason the Superior Court denied the request was because counsel missed the oral argument in Superior Court, and he is now attempting to have that order set aside. (ECF Nos. 31, 33.)

While the Federal Rules of Civil Procedure do not expressly permit the filing of a sur-reply, this Court has recognized that a sur-reply brief may be appropriate in some circumstances. *See, e.g.*, *Mendell v. Am. Med. Response, Inc.*, No. 19-CV-01227-BAS-KSC, 2021 WL 347690, at *5 (S.D. Cal. Feb. 2, 2021). Defendants request permission to alert the court of San Diego Superior Court rulings issued after the parties had briefed the motion. (ECF Nos. 30, 32). Plaintiff also claims he has applied to the Superior Court for relief from these rulings. (ECF Nos. 31, 33). The Court will **GRANT** Defendants' Ex Parte Request to file a Sur-reply (ECF Nos. 30, 32) and will also consider Plaintiff's counsel's response. (ECF Nos. 31, 33.)

## II.   ANALYSIS

### A.   Liability of Municipal Defendants

The Amended Complaint fails to add any additional facts supporting the liability of the Municipal Defendants. Hence, the Court adopts its previous order (ECF No. 10) and **DISMISSES** the Municipal Defendants. Because Plaintiff was given the opportunity to amend the Complaint to add allegations against the Municipal Defendants and failed to do so, the Court finds amendment would be futile. *See Foman v. Davis,* 371 U.S. 178, 182 (1962) (futility of amendment can be grounds for denying leave to amend which would otherwise be freely given). Hence, the Municipal Defendants are **DISMISSED WITH PREJUDICE**. (ECF No. 26.)

### B.   Failure to Comply with the California Tort Claims Act

As detailed in the Court's prior order dismissing this case, Plaintiff may not assert the state-law claims now outlined in Counts Five through Seven, "until a written claim therefor has been presented to the public entity and has been acted upon . . . or has been deemed to have been rejected[.]" Cal. Gov't Code § 945.4. "Timely claim presentation is not merely a procedural requirement, but is . . . a condition precedent to plaintiff's maintaining an action against [public entities and employees], and thus [is] an element of the plaintiff's cause of action." *Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 209, 164 P.3d 630 (2007), *as modified* (Oct. 10, 2007) (citation omitted).

As the Court previously noted, it was unlikely Plaintiff could circumvent this requirement by requesting permission from the Superior Court. However, the Court noted that the C.T.C.A. permitted Plaintiff to petition a California state court "for an order relieving" her from the C.T.C.A.'s claim-presentment requirement. *See* Cal. Gov't Code § 946.6(a). Thus, the Court gave Plaintiff permission to amend the Complaint if she received such relief from the Superior Court.

It now appears the Plaintiff appealed to the California State Court for relief from the C.T.C.A.'s claim-presentment requirement and, so far, the California State Court has rebuffed the efforts. (ECF Nos. 30–33.) Hence, the Court **GRANTS** the Motion to Dismiss state-law causes of action in Counts Five through Seven. (ECF No. 26.)

### C. Statute of Limitations

Finally, Defendants argue that all of Plaintiff's claims are barred by the statute of limitations. "Where it is apparent from the face of the complaint that the limitations period has run, defendants may raise a statute of limitations defense in a motion to dismiss." *Lauris v. Novartis AG*, No. 116CV00393LJOSAB, 2016 WL 4249816, at *1 (E.D. Cal. July 22, 2016), *report and recommendation adopted,* No. 116CV00393LJOSAB, 2016 WL 4210367 (E.D. Cal. Aug. 9, 2016) (citing *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)); *Van Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).

Neither § 1983 nor § 1985 include a codified limitations period. Accordingly, Defendants argue this Court should apply California's statute of limitations for personal injury actions. (ECF No. 23 at 4:25–6:7.) Plaintiff makes no argument to the contrary. In California, personal injury claims that accrue after January 1, 2003, are subject to a two-year statute of limitations. Cal. Civ. Proc. Code § 335.1.

In 1990, Congress enacted legislation which provides a four-year statute of limitations for those causes of action "arising under an Act of Congress enacted" after December 1, 1990. 28 U.S.C. § 1658(a). Therefore, whether a two-year or a four-year statute of limitations applies to the federal causes of action in this case turns on whether

1 | Plaintiff's § 1983 and § 1985 claims arise under a federal statute enacted after December 1, 1990. The four-year statute of limitation in § 1658 is not limited to entirely new sections of the United States Code. *Jones v. R.R. Donnelley & Sons Co.,* 541 U.S. 369, 386 (2004). In *Jones v. R.R. Donnelley*, the Supreme Court concluded that "a cause of action 'aris[es] under an Act of Congress enacted' after December 1, 1990—and therefore is governed by § 1658's four-year statute of limitations—if the plaintiff's claim against the defendant was made possible by a post-1990 enactment." *Id.* at 381.

This Court concludes the § 1983 and § 1985 causes of action alleged in the Amended Complaint do not arise under a federal statute enacted after December 1, 1990. The statutes were passed before 1990, and no additional post-1990 amendments have made these causes of action possible. Hence, the California two-year statute of limitations remains the applicable prescriptive period. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007) (the statute of limitations for § 1983 cases is the forum state's statute of limitations for personal injury torts); *Canalella v. Van de Kamp*, 486 F.3d 1128, 1132–33 (9th Cir. 2007), *cert. denied* 552 U.S. 1041 (2007) (In § 1983 actions courts apply the forum state's statute of limitations for personal injury actions).

Similarly, a two-year statute of limitations applies to the state causes of action for assault and battery, wrongful death, and violations of California Civil Code sections 51.7, 52.1. Cal. Code Civ. P. § 335.1; *Fenters v. Yosemite Chevron*, 761 F. Supp. 2d 957, 996 (E.D. Cal. 2010).

In the Ninth Circuit, "the date on which a claim accrues is determined by federal law." *Deem v. William Powell Co.*, 33 F.4th 554, 558 (9th Cir. 2022). Under federal law, the statute of limitations in a personal injury action accrues on discovery of the accident causing damage. *Id.* A wrongful death action accrues upon the death. *Id.*

In the context of a survival action, the relevant question is when the decedent—not the plaintiff stepping in the shoes of the decedent's estate— knew or had reason to know of his injury. *See, e.g.*, *MacEachern v. City of Manhattan Beach*, 623 F. Supp. 2d 1092, 1102 (C.D. Cal. 2009); *Est. of Jackson v. City of Modesto*, No. 1:21-CV-0415 AWI EPG,

2021 WL 4819604, at *20 (E.D. Cal. Oct. 14, 2021) (reasoning that because a survival action is derivative of claims that belonged to the decedent before death and survives to the decedent's estate, courts should examine what the decedent "would have known or suspected for purposes of accrual of the survival claims").

Here, Ronnie Kong would have been aware of the Individual Defendants' conduct, and the physical injuries he sustained by the Individual Defendants' use of lethal force, on May 29, 2020—the day of the shooting. Thus, six of the seven causes of action, brought as survival actions, accrued on the date of this shooting. This was also the day of his death. So, the wrongful death action also accrued on this date.

Defendants point out that Calif. Emergency Rule 9, issued by the California Judicial Council during the COVID-19 pandemic, tolled statutes of limitation from April 6, 2020, until October 1, 2020. Admittedly, Plaintiff has the burden of adequately pleading tolling. *Timboe v. Clark*, No. 3:20-CV-08719-WHO, 2022 WL 991721, at *4 (N.D. Cal. Mar. 31, 2022) (citing *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993)). Not only has Plaintiff failed to plead any tolling, but Plaintiff has also failed to file any response to Defendants' Motion to Dismiss based on an expired statute of limitations. The Court could thus grant the Motion to Dismiss without further considering any tolling argument. However, because Plaintiff's claims are outside the statute of limitations, even considering potential tolling, and because this is relevant on the issue of allowing an amended pleading, the Court analyzes potential tolling below.

California Emergency Rules Related to COVID-19, Rule 9(a) reads "[n]otwithstanding any other law, the statute of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until October 1, 2020." The Judicial Branch of California, Emergency Rules Related to COVID-19, App. I (Mar. 15, 2022), https://www.courts.ca.gov/43820.htm (last visited May 7, 2024). This Court agrees with those courts that have found this special California rule applies in federal court when assessing California claims. *See Timboe*, 2022 WL 991721, at *4. Ronnie Kong's shooting and death, on May 29, 2020, occurred in the middle of this tolling.

However, even when this tolling is taken into consideration, the Complaint would have had to be filed within two years of October 1, 2020, the date the tolling was lifted, or by October 1, 2022. Instead, the Complaint in this case was filed on November 28, 2022, after the October 1st deadline. (ECF No. 1.)

Because on the face of the Amended Complaint, Plaintiff alleges the shooting and death of Ronnie Kong occurred on May 29, 2020, and because the Complaint was filed on November 28, 2022, outside the two-year statute of limitations, even if emergency tolling for COVID is considered, the Court **GRANTS** Defendants' Motion to Dismiss. (ECF No. 23.)

The question then arises whether the Court should grant Plaintiff yet another attempt to amend the Complaint. The Court need not do so if it finds that amendment would be futile. *Foman*, 371 U.S. at 182 (futility of amendment can be grounds for denying leave to amend which would otherwise be freely given). In this case, the Court finds allowing amendment would be futile for several reasons. First, Plaintiff failed to respond to Defendants' motion to dismiss for a violation of the statute of limitations. This suggests that there are not grounds that would toll the statute. Second, the date of accrual is not difficult in this case. The Complaint clearly alleges Ronnie Kong was shot and died on May 29, 2020. As discussed above, the heirs' knowledge of the grounds for the cause of action plays no role in calculating the statute of limitations term. Finally, this issue was addressed at the time the Court last granted the Motion to Dismiss for violation of the C.T.C.A. At the time, the Court made it clear that if Plaintiff could allege facts circumventing the date of accrual, it should do so in an amended complaint. Plaintiff has failed to do so. Hence, the Court finds amendment at this point would be futile, and the Court **GRANTS** the Motion to Dismiss (ECF No. 23) **WITHOUT LEAVE TO AMEND.**

\\
\\
\\
\\

## III. CONCLUSION

For the reasons stated above, the Court **GRANTS** both Motions to Dismiss with prejudice. (ECF Nos. 23, 26.) The Clerk of the Court is directed to close the case.

**IT IS SO ORDERED.**

DATED: May 10, 2024

Hon. Cynthia Bashant
United States District Judge